774

Frank RASHAP, Plaintiff,

v.

Herbert BROWNELL, Attorney General
of the United States, Defendant,
Aramo Stiftung, Defendant-Intervener.

Civ. No. 14259.

United States District Court
E. D. New York.

Nov. 14, 1956.

Hardin, Hess & Eder, by Monroe Collenburg, New York City, for plaintiff.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, Lawrence S. Lesser, Washington, D. C., and Pehle, Lesser, Mann, Riemer & Luxford, Washington, D. C., of counsel, for defendant-intervener.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., for defendant.

RAYFIEL, District Judge.

The original complaint herein stated a cause of action under Section 9(a) of the "Trading With The Enemy Act", Section 9(a) of Title 50 U.S.C.A.Appendix, claiming a lien on certain property of the defendant-intervener which had been vested by a predecessor of the defendant under the provisions of the said Act. The basis of the claim was the reasonable value of services alleged to have been performed by him in the care of the said property prior to the vesting thereof as aforesaid.

The defendant and the defendant-intervener moved under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. for summary judgment dismissing the said complaint, and the plaintiff moved for leave to serve and file a supplemental complaint. Chief Judge Inch denied the plaintiff's motion and granted the motion to dismiss the original complaint. The plaintiff appealed from both orders entered thereon. The Court of Appeals affirmed the order dismissing the complaint but reversed the other, and granted leave to the plaintiff to file a cross-claim or counterclaim against the defendant-intervener. See Rashap v. Brownell, 2 Cir., 229 F.2d 193. The plaintiff filed and served such cross-claim or counterclaim and the defendant-intervener has

moved under Rule 56, supra, for summary judgment dismissing the same.

Briefly, the facts are these: The plaintiff, a member of the Bar of the State of New York, was, from 1939 to 1944, vice-president and secretary of Oak Commercial Corporation, which was organized by the law firm of Hardin, Hess and Eder, Esqs., with which he was then associated, at the request of one Max Kolb, a Swiss lawyer, of Zurich, Switzerland, whose nephew, Max Habicht, was also associated with the said law firm. Kolb desired to make arrangements for the safekeeping in the United States of the funds and securities of one of his clients, whose name he did not wish to disclose. The corporation was formed in order to avoid the difficulties which obviously might ensue in the event of the death of an individual who might be selected for that purpose. After its organization the corporation rented a safe deposit box in which there was deposited more than one million, two hundred thousand dollars in cash and securities.

All of the corporate stock was issued to Max Habicht, who was elected president and treasurer. The plaintiff was elected vice-president and secretary. Pursuant to the vote of the board of directors of the corporation, and with Kolb's approval, the plaintiff and Habicht were given joint access to the safe deposit box.

In 1944 Habicht became an advisor to UNRRA and terminated his connection with the corporation. With the consent of Kolb the corporate stock was thereupon transferred to the plaintiff, who became president and treasurer. One Monroe Collenberg, then also an associate of Hardin, Hess & Eder, Esqs., became vice-president and secretary, and thereafter these two had joint access to the safe deposit box. This continued until 1948 when the cash and securities contained in the safe deposit box were vested by the then Attorney General of the United States as enemy alien property. The Attorney General, as Alien Property Custodian, has now determined that the property belongs to Aramo Stiftung, the defendant-intervener herein, a foreign, but non-enemy, foundation, and has returned all of the said cash and securities to it, except a sum sufficient to answer this claim and a similar claim made by Collenberg.

The gravamen of the plaintiff's cross-claim or counterclaim against the defendant-intervener is that he is entitled to recover the reasonable value of his services as "agent and custodian for the undisclosed owners of the fund" referred to therein, namely, the defendant-intervener.

However, Judge Inch, in his decision, and the Court of Appeals in its affirmance thereof, specifically found that the *corporation*, and not the plaintiff, had possession of the fund. The Court of Appeals, in its decision, Rashap v. Brownell, 229 F.2d 193, at page 194, said:

"The documentary records before the court below show beyond question this possession of the corporation; and plaintiff's claim has to be, and is, based upon his right of access to the safe deposit box as an officer and in the right of the corporation."

The Court of Appeals, after analyzing the authorities, concludes that "an officer of a corporation as such does not have possession of the property which is committed to the corporation itself to hold." It states, at page 195, "*Here there never was the slightest doubt but that all parties plainly intended the corporation to have the possession*", (emphasis added), and, further, that "No practical reasons suggest themselves for extending the law of possession from the corporation, as the parties intended, to its officers, as they clearly did not intend, but wished to avoid by choosing the corporate device."

I reach the conclusion, therefore, that the corporation, and not the plaintiff, was the custodian of the fund, and, hence, that the plaintiff's cross-claim or counterclaim is without merit. Accordingly, the defendant-intervener's motion is granted and the plaintiff's cross-claim or counterclaim is dismissed.